CHEESMAN, Respondent, vs. WERNER, Appellant.

*October 15—November 9, 1926.*

*Automobiles: Collision at highway intersection: Speeding up to avoid collision: Question for jury: Trial: Change of answer by jury after explanation of court: Harmless error.*

1. The jury in an action to recover damages sustained in an automobile collision had answered the negligence questions in plaintiff's favor, but not understanding the damage questions answered "None."   The court expressed its displeasure, whereupon it appeared that the jury did not understand the meaning of the questions, and after the explanation of the court the question as to property damage was answered in accordance with the undisputed evidence.   *Held,* that the defendant was in nowise prejudiced by the remarks of the court or the proceedings after verdict, as the court could have instructed the jury to answer the question the way it finally was answered by them.   p. 332.

2. Where plaintiff had stopped at a highway intersection, and then, after he had turned to his left and while on the intersection, observed defendant's car approaching and accelerated his speed in an effort to pass the point of convergence of the two cars, the question of contributory negligence is clearly for the jury.   p. 333.

APPEAL from a judgment of the circuit court for Milwaukee county: OTTO H. BREIDENBACH, Circuit Judge. *Affirmed.*

The appeal is from a judgment affirming a judgment of the civil court of said county for the sum of $233.76, damages and costs, in favor of the plaintiff and against the defendant.

'This action was brought by the plaintiff, *Charles Cheesman,* against the defendant, *W. Werner,* to recover damages to plaintiff's automobile resulting from a collision between the car of the plaintiff and that of the defendant at the intersection of the Blue Mound road (an east-and-west highway) with the Hawley road (a north-and-south highway). The defendant counterclaimed, alleging that the collision resulted from plaintiff's negligence, and demanded judgment for the amount of his damages to his automobile.

The case was submitted to the jury upon a special verdict, wherein it was found, first, that the defendant was negligent in the management and control of his automobile; second, in failing to keep a proper lookout; and third, in operating his car at an excessive rate of speed; and that each one of the acts of negligence so found constituted a proximate cause of the collision. The jury further acquitted the plaintiff of contributory negligence. In answering the question submitted as to plaintiff's damages the jury answered the question as follows: "Property damages: None. Personal injuries: None."

It appears that this verdict was arrived at late in the afternoon of the closing day of the trial, and that the same was inclosed in an envelope and sealed and brought into court the following morning when the jury reassembled to deliver its verdict into court. Upon reading the verdict the court expressed its displeasure with the answer returned as to damages, making the statement to the jury as follows: "The Court: How do you answer a question like that [referring to the question in the special verdict as to damages]. The automobile was smashed up, wasn't it?"

It then became apparent from the discussion which ensued between a juror and the court that the jury misinterpreted the meaning of the word "assess" as it was used in the special verdict and in the instructions. To be more specific, the jury was of the opinion that by inserting the amount of the plaintiff's damages on the question above submitted it would assess these damages against the plaintiff and not against the defendant. The term "assess" was not readily understood by the jurors, and they returned into court a number of times with the request for further explanations, and when the true meaning as applied to this particular question finally dawned upon them, they promptly answered the question as to the property damage in accordance with the undisputed evidence in the case. The verdict was then accepted by the court and filed, and judgment was entered in plaintiff's favor accordingly, from which judgment the defendant has prosecuted this appeal.

For the appellant there was a brief by *Brennan & Lucas* of Milwaukee, and oral argument by *Martin J. Brennan*.

*Maurice A. Goldberg* of Milwaukee, for the respondent.

DOERFLER, J. Under the undisputed evidence in the case the plaintiff sustained a property damage in the sum of $180. The jury should have been directed by the court to answer this question on the undisputed evidence in the same manner as it was finally answered by it. The verdict on the subject of defendant's negligence and the subject of proximate cause was complete; furthermore, the plaintiff was acquitted of the charge of contributory negligence. Under these circumstances we can see no prejudicial error resulting from the objectionable remarks of the court complained of by the defendant; neither can it be held that the defendant was prejudiced by the proceedings above referred to, which followed the returning of the sealed verdict into court.

Cheesman v. Werner, 191 Wis. 330.

Defendant's counsel argue that the plaintiff was guilty of contributory negligence as a matter of law, and that therefore the plaintiff's complaint should have been dismissed. This contention is entirely without foundation. Plaintiff had proceeded in a westerly direction on the Blue Mound road until he arrived at its intersection with the Hawley road. Before driving into the intersection, owing to traffic conditions there existing, he momentarily brought his machine to a stop. He then shifted his gears and made his turn to the south, and had arrived at a point in the intersection about ten to fifteen feet south of the center line of the Blue Mound road when he observed defendant's car approaching the intersection on the Blue Mound road at a rate of speed of between twenty-five and thirty miles per hour, and about ninety feet distant. Plaintiff then slightly accelerated his speed, but before he could pass the point of convergence of the two cars they collided.

The question of the contributory negligence of the plaintiff upon this statement of facts clearly raised a jury issue, and this view was further accentuated by the southeasterly course which the defendant's car took as it entered the intersection and the place where the two automobiles finally landed after the collision.

The judgment of the circuit court must therefore be affirmed.

*By the Court.*—Judgment affirmed.